```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 6, 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

THE CREATION AND ADMINISTRATION
OF THE PRO BONO FUND

AMENDED STANDING ORDER

16-MC-78

M 10-468

By Order dated October 1, 1997, the Court created a one-year pilot fund to reimburse pro bono attorneys for the costs of litigation in pro se cases. By Order dated March 29, 1999, the Pro Bono Fund was established as a permanent program of this Court. By Orders dated May 25, 2011, and February 25, 2016, the Pro Bono Fund procedures were revised. Those Orders are stricken and the Pro Bono Fund is administered as follows.

### STATEMENT OF PURPOSE

The purpose of the Pro Bono Fund is to encourage attorneys to represent indigent pro se parties at the Court's request, or at the request of a legal-advice clinic authorized by the Board of Judges ("authorized legal-advice clinic"), in civil proceedings in this Court. It is intended especially to encourage and assist attorneys for whom pro bono service is a financial hardship. Reimbursement from the Fund is discretionary and shall not be deemed to vest any rights in litigants or their attorneys.

When an attorney appears on behalf of an indigent pro se litigant at the request of a judge of this Court or at the request of an authorized legal-advice clinic, subject to the restrictions of this Order, that attorney may move for reimbursement of expenses incurred in the course of the proceeding. For purposes of this Order, the terms "pro bono counsel" or "pro bono attorney" refer only to those attorneys who file a notice of appearance or notice of limited appearance in a civil proceeding on behalf of an indigent pro se litigant at the request of a judge of this Court or at the request of an authorized legal-advice clinic. The term "judge" includes United States

Magistrate Judges, and the term "assigned judge" refers to the United States District Judge to whom the case is assigned or the United States Magistrate Judge before whom the case is proceeding on consent of the parties. A District Judge may refer any request under this order to the Magistrate Judge.

The Court authorizes an appropriation from the Miscellaneous Fund for the Benefit of the Bench and Bar to fund reimbursement requests from the Pro Bono Fund.

### LIMITATIONS ON ELIGIBILITY

**1.    Not applicable if C.J.A. funds are available**

In any proceeding where expenses are covered by the Criminal Justice Act (18 U.S.C. § 3006A), expenses will be paid from those funds in accordance with C.J.A. guidelines, and not from the Pro Bono Fund.

**2.    Limit on total expenses covered by fund**

The assigned judge may preauthorize or approve reimbursement of expenses up to a total of $5,000.00; if the total of the preauthorizations or reimbursements requested and those already allowed exceeds $5,000.00, only the Chief Judge may grant approval.

Only under extraordinary circumstances will more than $10,000 in expenses be reimbursed to any party.

When requesting preauthorization or reimbursement for any expenses under this paragraph, a detailed description of the expenses should be attached to the request submitted to the judge.

Where two or more parties in the same proceeding are represented by pro bono counsel, the limits established by this section will apply to the costs incurred on behalf of each party.

3.     **Limited to civil actions before the District Court**

Only those expenses associated with a pro bono attorney's preparation of a civil action in the U.S. District Court for the Southern District of New York will be approved for reimbursement. No costs or expenses associated with the preparation or presentation of an appeal to the U.S. Court of Appeals or the U.S. Supreme Court shall be reimbursed from the District Court's Pro Bono Fund.

4.     **Overhead costs not covered**

General office expenses, including personnel costs, rent, telephone services, secretarial help, office photocopying equipment, and any general expense that would normally be reflected in the fee charged to a client are not reimbursable.

5.     **Not available to pay costs awarded against party**

Under no circumstances will any payments be authorized from the Fund to pay for costs or fees taxed as part of a judgment obtained by an adverse party against a party for whom pro bono counsel appeared at the request of the Court or an authorized legal-advice clinic.

6.     **Reimbursement where party prevails or accepts a settlement**

(a)     Where the party for whom pro bono counsel appeared prevails and is therefore entitled to an award of attorneys' fees and costs, the party shall seek costs from the adverse party and is only eligible for reimbursement for such costs from the Fund if the party cannot, after reasonable efforts, obtain payment for those costs. Reimbursement will be limited in accordance with paragraph (b) below according to the amount actually collected after reasonable efforts.

(b)     Where the party for whom pro bono counsel appeared enters into a settlement, reimbursement may be sought as provided in this Order, except that (1) if the settlement is for an amount between $5,000 and $30,000, the total amount to be paid from the Fund shall be the

amount of eligible expenses minus 50% of the settlement amount over $5,000.00,[1] and (2) if the settlement is for more than $30,000, expenses are not reimbursable by the Fund.

(c)  To the extent that any expenses reimbursed by the Fund are subsequently paid through settlement or otherwise, or are not eligible for reimbursement because of the limitations contained in this section, the amount reimbursed by the Fund must be returned.

## EXPENSES AND COSTS COVERED

**7.  C.J.A. limits to apply in absence of specific limits**

Except as otherwise specified by this Order, reimbursements under this Order shall be governed by the guidelines for administering the Criminal Justice Act (18 U.S.C. § 3006A). See also *Guide to Judiciary Policies and Procedures,* Volume VII, Section A, Chapters 2 and 3.

**8.  Deposition and transcript costs**

The costs of depositions or transcripts – including transcripts prepared by a private court reporter at a deposition – may not exceed the regular rate as established by the Judicial Conference of the United States and in effect at the time any proceeding is transcribed, unless some other rate was previously approved by order of the court. Except as otherwise ordered by the court, only the cost of the original of any transcript or deposition together with the cost of one copy each where needed by counsel shall be allowed. Daily trial transcripts shall not be approved absent good cause shown.

**9.  Copying, telephone, and other reasonable administrative costs**

Actual, out-of-pocket expenses incurred for items such as photocopying services, photographs, and telephone calls necessary for the preparation of a case may be reimbursed.

---

[1] For example, a party who receives a settlement of $13,000 and had $7,000 in expenses could seek reimbursement of $3,000.

**10.   Service of papers; witness fees**

Those fees for service of papers and the appearances of witnesses that are not otherwise avoided, waived, or recoverable may be reimbursed.

**11.   Reasonable travel expenses of the attorney**

Travel by privately owned automobile may be claimed at the rate currently prescribed for federal judiciary employees who use a private automobile for conduct of official business, plus parking fees, tolls, and similar expenses. Transportation other than by privately owned automobile may be claimed on an actual expense basis. Per diem in lieu of subsistence is not allowable; only actual expenses may be reimbursed. Actual expenses reasonably incurred shall be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.

**12.   Interpreter services**

Costs of interpreter services not otherwise avoided, waived, or recoverable may be reimbursed.

**13.   Other expenses and expenses exceeding $5,000**

Other than those expenses described in paragraphs 8 through 12 of this section, expenses, such as those for experts, must be authorized in advance by the assigned judge. No single expense under this paragraph exceeding $500 will be reimbursed unless authorization was granted before the expense was incurred. Any single expense exceeding $5,000 must be authorized in advance by the Chief Judge. As noted in paragraph 2 above, the Chief Judge must also approve any expense if the total of the preauthorizations or reimbursements requested and those already allowed exceeds $5,000.00,

When requesting preauthorization or reimbursement for any expenses under this paragraph, a detailed description of the expenses should be attached to the request submitted to the judge.

### PROCEDURES FOR OBTAINING REIMBURSEMENTS

**14.  Request for authority to incur expense**

For those expenses where preauthorization is required, the request for authority to incur the expense must be made by request submitted to the assigned judge. The request should set forth briefly the reason for the request and the estimated amount of the expense. Any request to incur an expense that would cause the total of expenses for which reimbursement is sought to exceed $10,000 must demonstrate extraordinary circumstances to justify the amount of expenses.

**15.  Request for reimbursement of expenses**

Any request for reimbursement of expenses must be on a voucher form approved by the Court, available on the Court's website and from the Clerk's Office.

**16.  Requests for reimbursement by attorney no longer representing party**

Unless the Court orders otherwise, where a pro bono attorney is permitted to withdraw from representing the party in a proceeding or has only appeared pro bono for a limited purpose, and that attorney has incurred expenses that are reimbursable under this Order, the attorney must file a request for reimbursement within 30 days of the date of the entry of an order allowing the withdrawal, a notice of completion, or other docket entry indicating the termination of the pro bono representation.

**17.  Procedures for submitting requests**

Any request under paragraph 14, 15, or 16 above must be accompanied by sufficient documentation to permit the Court to determine that the request is appropriate and reasonable. If the request is for reimbursement, it must show that the expenses have actually been incurred. The

request must be submitted to the assigned judge in accordance with his or her Individual Rules and Practices and may be submitted *ex parte*. Requests for reimbursement must be submitted within 30 days of the entry of judgment. The assigned judge may, for good cause shown, extend the time for filing a request for reimbursement.

**18.     Actions by assigned judge and Chief Judge**

The assigned judge or the Chief Judge may refuse to preauthorize or may disallow reimbursement of any expense based upon the absence of documentation demonstrating that such expense is appropriate or reasonable, or, where reimbursement is requested, was actually incurred.

**19.     Processing of vouchers**

Upon receipt of the completed voucher from the pro bono attorney, the assigned judge will review the voucher and, if appropriate, approve up to $5,000.00 in reimbursement. If a completed voucher or request for preauthorization seeks preauthorization or reimbursement for more than $5,000, and the assigned judge believes that such preauthorization or reimbursement is appropriate, the assigned judge will present the voucher or request for preauthorization to the Chief Judge with a recommendation that it be approved.  The assigned judge may deny a request for reimbursement above $5,000 without approval by the Chief Judge.

Any request for reimbursement of expenses where those expenses required preauthorization must include the signed preauthorization. If the request is for reimbursement, and the voucher is approved by the assigned judge or Chief Judge, the Clerk of Court will promptly issue the payment in the amount approved by the Court. If the assigned judge or Chief Judge disallows any or all of the amounts requested, the Clerk of Court will transmit to the pro bono attorney a copy of the voucher showing the action of the judge.

**20.     Processing by Clerk**

On receipt of the voucher form indicating amounts approved for reimbursement, the Clerk of Court will check to determine whether or not any payments have previously been made out of the Fund to cover expenses in the same proceeding. If no such payments have been made, the Clerk of Court will promptly issue the required check or checks in the amount indicated on the voucher form or the limit set by these regulations, whichever is lower. Where payments have previously been made from the Fund for expenses in the proceedings, the Clerk will check to see if the amounts authorized by the current voucher together with amounts previously paid would require additional approval by the Chief Judge because the total exceeds the limits set by this Order for amounts approvable by the assigned judge. Where such approval is required, the clerk shall promptly transmit the voucher to the Chief Judge. On receipt of the voucher from the Chief Judge, the Clerk shall promptly issue the required check or checks in the amount indicated on the voucher form or limit set by these regulations, whichever is lower. If the Chief Judge disallowed any or all of the amounts requested, the Clerk will promptly transmit to the submitting attorney a copy of the voucher showing the action of the Chief Judge.

SO ORDERED.

Dated:   December 21, 2016
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge